**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| BARRY CONWAY, ) | No. EDCV 10-1667-PSG(CW) |
| ) | |
| Petitioner, ) | ORDER DISMISSING PETITION |
| ) | FOR LACK OF JURISDICTION |
| v. ) | |
| ) | |
| TIM VARGA (Warden), ) | |
| ) | |
| Respondent. ) | |

The pro se petitioner is a prisoner in the custody of the State of California pursuant to a 1994 conviction and 1995 sentence in California Superior Court, San Bernardino County, Case No. BCR 2658. [See the present Petition ("Pet.," docket no. 1, filed October 28, 2010) at 2.]  In that case, Petitioner was convicted of murder during a robbery, attempted murder, and personal use of a firearm, and was sentenced to two concurrent sentences of life imprisonment without possibility of parole.  [Id.]  In the present petition, Petitioner challenges only the legality of a restitution fine imposed by the superior court.  [Pet. and attached exhibits.]

In the Order to Show Cause filed November 1, 2010, the court

ordered Petitioner to clarify whether his petition challenged only the fine, and informed him that, if so, it would be subject to summary dismissal for lack of jurisdiction. [Docket no. 5.] In his Reply filed November 19, 2010, Petitioner confirmed that, in fact, he sought to challenge only the fine. [Docket no. 6.]

## SUMMARY DISMISSAL

The court need neither grant the writ nor order a return if "it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 4 of the Rules Governing Section 2254 Cases, 28 U.S.C. foll. § 2254. "The Magistrate Judge promptly shall examine a petition for writ of habeas corpus, and if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief, the Magistrate Judge may prepare a proposed order for summary dismissal and submit it and a proposed judgment to the District Judge." Local Rule 72-3.2 (C.D. Cal.).

In the present case it is clear from the face of the petition, and has been confirmed by Petitioner's Reply to the court's Order to Show Cause, that, on jurisdictional grounds, Petitioner is not entitled to relief, and the petition should be summarily dismissed.

## JURISDICTION

Under 28 U.S.C. § 2254, "a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or

treaties of the United States." See 28 U.S.C. § 2254(a); see also Rule 1, 28 U.S.C. foll. § 2254; 28 U.S.C. § 2241(c)(3); Preiser v. Rodriguez, 411 U.S. 475, 483, 93 S. Ct. 1827, 36 L. Ed. 2d 439 (1973).

In Preiser, the Supreme Court further stated:

> It is clear, not only from the language of §§ 2241(c)(3) and 2254(a), but also from the common-law history of the writ, that the essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and the traditional function of the writ is to secure release from illegal custody.

Preiser, 411 U.S. at 484. The Preiser Court found that the "core" or "heart" of habeas corpus is a challenge to the fact or duration of custody which seeks as relief immediate or speedier release from that custody. Preiser, 411 U.S. at 489, 498-500.

Although Petitioner is in custody under a state court judgment, the present petition does not challenge the legality of that conviction or the sentence of imprisonment imposed. Thus, the present petition does not address the fact or duration of custody, nor does it seek release from custody, nor would success on Petitioner's claims have an impact on the fact or duration of custody.

Instead, the present petition only challenges the legality of a fine imposed as part of Petitioner's sentence. However, imposition of a fine, by itself, does not satisfy the "in custody" requirement of 28 U.S.C. § 2254(a). See, e.g., Dremann v. Francis, 828 F.2d 6, 7 (9th Cir. 1987)(per curiam); see also United States v. Kramer, 195 F.3d 1129, 11 (9th Cir. 1999)(analogous jurisdictional issue when federal prisoner moved under 28 U.S.C. § 2255 to challenge only restitution portion of sentence: "We hold today that a defendant seeking relief

under 28 U.S.C. § 2255 not only must be in custody, he must also claim the right to be released from custody.")  Accordingly, the present petition does not fall within this court's subject matter jurisdiction as a habeas petition, and should be summarily dismissed.[1]

**ORDERS:**

1.   It is hereby **ORDERED** that judgment be entered summarily dismissing the petition for lack of jurisdiction.

2.   The clerk shall serve this order and the judgment herein on Petitioner.

DATED:   December 3, 2010

_____
PHILIP S. GUTIERREZ
United States District Judge

Presented by:

Dated:   November 29, 2010

_____
CARLA M. WOEHRLE
United States Magistrate Judge

---

[1] On its face, the petition also appears to be untimely under the statute of limitations at 28 U.S.C. § 2244(d). However, because the jurisdictional issue discussed above is dispositive, the court need not review the timeliness of the petition.